# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**OMIEL RHODEN,**

    **Plaintiff,**

v.                                             Case No: 5:25-cv-198-JSM-PRL

**TIMOTHY EUGENE MILLER and**
**HERSHEY TRANSPORT, LLC,**

    **Defendants.**

## ORDER

This personal injury action comes before the Court on Plaintiff's Motion to Compel. (Doc. 18). Plaintiff moves for entry of an Order compelling (1) Defendant Timothy Eugene Miller to provide answers to Plaintiff's interrogatories, responses to Plaintiff's request to produce, and responses to Plaintiff's request for admissions served on April 16, 2025; and (2) Defendant Hershey Transport, LLC to provide responses to Plaintiff's second request to produce served on May 1, 2025. (*Id.* at p. 1). While the deadline for responding has not yet expired, *see* M.D. Fla. Local Rule 3.01(c), the Court does not require a response to resolve the motion, as it is due to be denied without prejudice for failure to comply with Local Rule 3.01(a) and Local Rule 3.01(g).

Local Rule 3.01(g) provides that before filing any motion in a civil case, subject to certain exceptions, the "movant must confer with the opposing party in a good faith effort to resolve the motion." *See* M.D. Fla. Local Rule 3.01(g)(1); *see also* Middle District Discovery (2021) at Section I.A.2 (noting that "Rule 3.01(g) is strictly enforced"). Local Rule 3.01(g) further requires the movant to include a certification under a heading entitled "Local Rule

3.01(g) Certification" at the end of the motion with certain requirements, including that it must "state whether the parties agree on the resolution of all or part of the motion" and "explain the means by which the conference occurred" if the motion is opposed. *See* M.D. Fla. Local Rule 3.01(g)(2).

First, although Plaintiff's motion describes counsel's efforts taken to confer with opposing counsel, the motion is procedurally deficient in that it fails to contain a certification with the necessary requirements and information. Further, the Court notes that the issues raised in Plaintiff's motion are precisely the type that would benefit from a meaningful, good-faith conference between counsel. In this district, the term "confer" has been construed to mean "speak[ing] to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *See Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000); Middle District Discovery (2021) at Section I.A.2 (defining "confer" in Local Rule 3.01(g) as a "substantive discussion," in which "[m]any potential discovery disputes can be resolved []or the differences narrowed or clarified[] when counsel confer in good faith"). Indeed, the purpose of the Middle District's Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *See Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). As such, the Court expects counsel to comply with both the letter and spirit of Local Rule 3.01(g).

Additionally, Plaintiff's motion fails to comply with Local Rule 3.01(a). Local Rule 3.01(a) requires every motion to "include—in a single document no longer than twenty-five pages inclusive of all parts—a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." *See* M.D. Fla. Local Rule 3.01(a). Plaintiff's motion does not contain the required memorandum of law, nor

does it provide any citation to legal authority supporting Plaintiff's request to compel Defendants to provide the requested discovery.

Given the foregoing, the Court will deny Plaintiff's motion to compel without prejudice for failure to fully comply with the requirements of Local Rule 3.01(a) and Local Rule 3.01(g). If Plaintiff wishes to renew the motion, Plaintiff may do so only after satisfying both the letter and spirit of Local Rule 3.01(g), and any renewed motion must contain a Local Rule 3.01(g) certification with the necessary requirements and information, as well as a legal memorandum supporting the request in accordance with Local Rule 3.01(a). Prior to renewing the motion, the parties should make every effort to confer in good faith, either in person or via telephone, and meaningfully discuss each and every discovery request that remains in dispute in an effort to reach a resolution. Counsel for Plaintiff is reminded of his obligations under the Local Rules and Federal Rules of Civil Procedure, and that failure to comply with those obligations under the applicable rules may result in sanctions.

Accordingly, Plaintiff's Motion to Compel (Doc. 18) is **DENIED without prejudice**, subject to refiling, if appropriate, in compliance with the Local Rules and Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Ocala, Florida on July 11, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties